IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY LEE CUNNINGHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-25-2602 |
| | § | |
| PLAINSCAPITAL BANK AND PATHWARD, N.A., | § § § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendant Pathward, N.A.'s Motion to Dismiss (Document No. 6), and Defendant PlainsCapital Bank's Opposed Motion to Compel Arbitration and Dismiss Complaint (Document No. 7). Having considered the motions, submissions, and applicable law, the Court determines that both pending motions should be granted.

## I. BACKGROUND

This is a case regarding the alleged misappropriation of funds. *Pro se* Plaintiff Gary Lee Cunningham ("Cunningham") brings suit against Defendants PlainsCapital Bank ("PlainsCapital") and Pathward, N.A. ("Pathward"). Cunningham alleges that he was the victim of identity theft and fraud, contending that unidentified criminals hacked into his email accounts and sent fraudulent correspondence with the assistance of artificial intelligence to Cunningham's

accountant, who in turn, transferred funds from his bank account at PlainsCapital to an account held by Pathward at the direction of the unidentified criminals.

Based on the foregoing, on June 5, 2025, Cunningham filed suit, *pro se,* in this Court pursuant to federal question jurisdiction under twelve cited statutes, many of which are non-existent. Cunningham seeks damages of approximately $21,008.68 for "breach of fiduciary duty, gross negligence, and violating elder justice acts, elder financial abuse, Texas elder abuse laws, [and] medical and mental anguish."[1] The Court construes all *pro se* filings liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). On July 1, 2025, Pathward filed a motion to dismiss Cunningham's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] On July 7, 2025, PlainsCapital filed a motion to compel arbitration and dismiss Cunningham's complaint.[3] Cunningham did not respond to either motion to dismiss within the original response date, or the date of this Order.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled

---

[1] *Plaintiff's Complaint,* Document No. 1 at 7.

[2] *See Pathward, N.A.'s Motion to Dismiss,* Document No. 6 at 1–3.

[3] *See PlainsCapital Bank's Motion to Compel Arbitration and Dismiss Complaint,* Document No. 7 at 1–14.

to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Pathward moves to dismiss Cunningham's complaint, contending that Cunningham fails to state a claim upon which relief can be granted. PlainsCapital also moves to dismiss Cunningham's complaint, contending that Cunningham is subject to an arbitration agreement that precludes him from filing this lawsuit. Cunningham did not respond to either motion to dismiss, failing to rebut or offer

3

evidence to counter any of Pathward or PlainsCapital's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Regardless of Cunningham's failure to respond to either motion to dismiss, the Court will consider the merits of both pending motions.

*A. Pathward's Motion to Dismiss*

Pathward contends that Cunningham fails to adequately meet the pleading standard outlined in Federal Rule of Civil Procedure 8(a) by failing to articulate the specific tortious conduct attributable to Pathward. Cunningham offers no rebuttal. The Fifth Circuit has made clear that "[w]here the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." *Anderson v. U.S. Dep't Hous. & Urban Dev.*, 554 F.3d 525, 528–29 (5th Cir. 2008). A review of Cunningham's complaint reveals a failure to ascribe any alleged conduct in the complaint to either of the defendants named therein. Furthermore, nowhere in Cunningham's complaint exists an allegation of any wrongful or tortious conduct Pathward specifically engaged in. Accordingly, having considered the motion, Cunningham's complaint, and applicable law, the Court finds that Cunningham has failed to state a claim upon which relief can be granted with respect to Pathward, and further finds that Pathward's pending motion to dismiss should be granted. The Court will now consider PlainsCapital's pending motion.

*B. PlainsCapital's Motion to Compel Arbitration*

PlainsCapital contends that Cunningham is subject to a valid and enforceable arbitration agreement that preempts this lawsuit. Cunningham offers no rebuttal. A review of the record in this case reveals an "Arbitration and Waiver of Jury Trial" provision contained within the agreement Cunningham signed before opening his bank account at Plains Capital.[4] Therein, the arbitration clause states, in relevant part, that: "all claims are subject to arbitration, ... regardless of the theory they are based on or the remedy sought."[5] PlainsCapital further contends that the dispute in this matter clearly falls within the scope of the parties agreement to arbitrate, and references to the Court their June 17, 2025 letter to Cunningham, exercising their right under the agreement to formally elect binding arbitration of this dispute. Having considered the Fifth Circuit's clear guidance that arbitration agreements contained in bank agreements are fully enforceable as valid agreements to arbitrate, and the fact that an arbitration proceeding did not precede this matter, the Court finds that PlainCapital's motion to compel arbitration should be granted.[6]

---

[4] *PlainsCaptal Bank's Motion to Compel Arbitration and Dismiss Complaint*, Document No. 7, Exhibit 1 at 25 (*Terms & Conditions of PlainsCapital Bank*).

[5] *PlainsCaptal Bank's Motion to Compel Arbitration and Dismiss Complaint*, Document No. 7, Exhibit 1 at 25 (*Terms & Conditions of PlainsCapital Bank*).

[6] Considering the Court's finding that the arbitration agreement underlying this matter should be enforced, the Court declines to consider PlainCapital's arguments related to the substance of Cunningham's claims or the asserted federal statutes in the Complaint.

5

Even construing the complaint liberally, the Court finds that Cunningham states no plausible claim upon which relief can be granted. Accordingly, the Court determines that both pending motions should be granted, and Cunningham's claims against the defendants in this matter should be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Pathward, N.A.'s Motion to Dismiss (Document No. 6) is **GRANTED**. The Court further

**ORDERS** that Defendant PlainsCapital Bank's Opposed Motion to Compel Arbitration and Dismiss Complaint (Document No. 7) is **GRANTED**. The Court further

**ORDERS** that Plaintiff Gary Lee Cunningham's claims against PlainsCapital Bank and Pathward N.A. are **DISMISSED**.

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this 31 day of July, 2025.

DAVID HITTNER
United States District Judge